IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
~~SOUTHERN~~ DIVISION
Hattiesburg

JOY D. ODOM

    Plaintiff,

vs.

CASE NO. 2:12cv98 KS-MTP

WAL-MART STORES, INC. AND
BILLY PEAK, STORE MANAGER,

    Defendant.

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN -6 2012
J T NOBLIN CLERK
BY_____ DEPUTY

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF MISSISSIPPI
      SOUTHERN DIVISION

Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart"), incorrectly identified in Plaintiff's Complaint as "Wal-Mart Stores, Inc.," gives notice pursuant to 28 U.S.C. § 1441 and 1446 that this cause is hereby removed from the Circuit Court of Lamar County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. As grounds for this removal, Defendant shows as follows:

1.   An action was commenced against Defendant in the Circuit Court of Lamar County, Mississippi, entitled "*Joy D. Odom v. Wal-Mart Stores, Inc. and Billy Peak, Store Manager,*" Case No. CV2012-065. The documents attached hereto as Exhibit "A" constitute all of the process, pleadings, and orders served upon Defendant in this action.

2.   According to the Circuit Clerk's office for the Circuit Court of Lamar County, Mississippi, service of the initial pleading setting forth Plaintiff's claim for relief has not yet been effected upon Wal-Mart, but Wal-Mart received the initial Complaint on May 7, 2012,

1

which was Defendant's first actual notice of this action. According to the Circuit Clerk's office Defendant, Billy Peak, has not yet been served.

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Southern Division, within 30 days after Wal-Mart received the initial Complaint from which it was first ascertainable that the case was or had become removable in accordance with 28 U.S.C. § 1446(b). The Circuit Court of Lamar County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. §§1441 (a) & (b).

4. This court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, an individual with her principal address in Mississippi. Defendant Wal-Mart is now, and was at the time of the commencement of this action, a Delaware limited partnership with its principal place of business in Arkansas. The residency of Defendant Billy Peak is irrelevant as he was fraudulently joined in this action as the argument and the cases below demonstrate.

## FRAUDULENT JOINDER

6. Plaintiff has fraudulently joined an individual defendant, Billy Peak, to destroy diversity and prevent removal of this action. Where a non-diverse defendant is named in the initial state court complaint as part of a tactical effort to defeat diversity jurisdiction, the fraudulent joinder doctrine permits district courts to assume jurisdiction over a case even if there are named defendants who lack diversity at the time the case is removed. *See Smallwood v. St.*

*Paul Fire and Marine Cas.*, 2008 WL 227324 * 2 (S.D. Miss., 2008). *See also Cabalceta v. Standard Fruit Co.*, 883 F. 2d 1553, 1562 (11th Cir. 1989)(citizenship of a fraudulently joined defendant may be disregarded in determining whether diversity jurisdiction exists). The doctrine of fraudulent joinder is applicable when the plaintiff, a citizen of the state of the forum, joins a resident citizen defendant with a nonresident defendant. The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state. *Smallwood*, 2008 WL 227324 at * 2 (S.D. Miss., 2008)(citing *Campbell v. Stone Ins., Inc.*, 2007 WL 4248211 at * 2 (5th Cir., 2007). *See also Parks v. New York Times*, 308 F. 2d 474, 477 (5th Cir. 1962).

7. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either: (a) that the plaintiff is unable to establish a cause of action against the non-diverse defendant; or (b) that there is actual fraud in the pleading of jurisdictional facts. *Smallwood*, 2008 WL 227324 at * 2 (S.D. Miss., 2008)(citing *Campbell v. Stone Ins., Inc.*, 2007 WL 4248211 at * 2 (5th Cir., 2007)). *See also B., Inc. v. Miller Brewing Co.*, 663 F. 2d 545 (5th Cir. 1981); *Pacheco De Perez v. AT&T Co.*, 139 F. 3d 1368 (11th Cir., 1998).

8. Plaintiff's allegations against Defendant Billy Peak do not state a cognizable cause of action against Mr. Peak individually under Mississippi law. In determining whether a cause of action may be established against a fraudulently joined defendant in a diversity case, the court must look to the law of the state that controls the substantive issue in the action. *Smallwood*, 2008 WL 227324 at * 2 (S.D. Miss., 2008)(citing *Ross v. Citifinancial, Inc.*, 344 F. 3d 458, 462 (5th Cir., 2003). The United States Court of Appeals for the Fifth Circuit has clarified that there "must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross v. Citifinancial, Inc.*, 344 F. 3d 458, 462 (5th Cir., 2003)(emphasis in original).

3

9. The general rule in Mississippi is that an employee incurs no liability for a principal's breach of duty and, therefore, no cause of action can be had against an employee where he is acting within the line and scope of his employment. *Hart v. Bayer Corp., et. al.*, 199 F. 3d 239, 247 (5th Cir., 2000)(citing *Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193 (S.D. Miss., 1989) and also citing *Schoonover v. West American Ins. Co.*, 665 F. Supp. 511 (S.D. Miss., 1987)). An agent/employee "is subject to personal liability [only] when he 'directly participates in or authorizes the commission of a tort.'" *Hart*, 199 F. 3d at 247 (5th Cir., 2000)(quoting *Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc.*, 492 So. 2d 977, 978 (Miss. 1986)). The individual cannot be held liable merely premised on his connection with the company, but, rather, must have committed some "individual wrongdoing" outside the scope of his employment. *Turner v. Wilson*, 620 So. 2d 545, 548 (Miss. 1993). Therefore, "'[t]he thrust of the general rule is that for the [employee] to be held personally liable he must have some direct, personal participation in the tort, as where the defendant was the 'guiding spirit' behind the wrongful conduct...or the 'central figure' in the challenged corporate activity.'" *Hart*, 199 F. 3d at 247 (5th Cir., 2000)(quoting *Mozingo v. Correct Mfg. Corp.*, 752 F. 2d 168, 173 (5th Cir., 1985)). Individual liability arises only when an employee owes an independent duty of reasonable care to the injured party apart from the employer's duty. *See, e.g., Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564 (S.D. Tex. 1999).

10. The extent of Plaintiff's allegations against Billy Peak is as follows:

Billy Peak was the manager of the subject store. (Complaint, ¶2)

Wal-Mart is responsible for the actions of Billy Peak. (Complaint, ¶3)

That after Plaintiff slipped, Billy Peak came to her aid and assisted her to a chair. (Complaint, ¶4)

4

"Thereafter, Defendant Billy Peak, went to get a camera and when he returned, he wiped up the Plaintiff's scuff mark left at the scene of the accident, before he proceeded to take picture(s) of the subject spot on the floor." (Complaint, ¶7)

". . . Defendant Billy Peak tried to cover up the true cause of this accident." (Complaint, ¶ 13)

There are no other allegations against Mr. Peak. Plaintiff does not allege that Mr. Peak was in any manner responsible for Plaintiff's slip, that his actions or inactions caused Plaintiff to slip, or that his actions or inactions somehow proximately caused the injuries about which Plaintiff complains. As such, Plaintiff has not stated a viable claim against Mr. Peak under Mississippi law.[1]

11. According to Plaintiff, the only affirmative actions Mr. Peak undertook were (a) helping Plaintiff into a chair and (b) "[trying] to cover up the true cause of this accident." The former is not alleged to have been done negligently or wantonly. The only plausible cause of action which the latter suggests against Billy Peak seems to be one for spoliation of evidence; however, no such action exists under Mississippi law. See *Richardson v. Sara Lee Corp.*, 847 So.2d 821, 824 (Miss. 2003). To the extent Plaintiff is alleging that Mr. Peak was somehow negligent or wanton in his investigation of the accident, there are no allegations as to how the investigation performed after Plaintiff's accident caused her to fall and/or suffer injuries. Again, under Mississippi law, Plaintiff has not stated a viable cause of action against Mr. Peak. Defendant Billy Peak was fraudulently joined and, therefore, his residency is irrelevant for purposes of this removal.

## AMOUNT IN CONTROVERSY

---

[1] In fact, a careful reading of the complaint would suggest that Plaintiff has not alleged how Wal-Mart may have been negligent, only that Plaintiff slipped in Wal-Mart's store (Complaint, ¶ ¶ 5, 6), that Wal-Mart has denied Plaintiff's claim for medical treatment (Complaint, ¶ 8), and that Plaintiff's injuries were the result of her fall (Complaint, ¶ 10). However, Wal-Mart is not at this time moving to dismiss the complaint against it for failure to state a claim pursuant to *Fed.R.Civ.P.* 12(b)(6).

12. Plaintiff's Complaint seeks compensatory and punitive damages for Wal-Mart's alleged negligence and wantonness for personal injury, physical pain and suffering, past and future medical expenses, past and future mental anguish, and past and future lost wages in an amount no less than $350,000.00. (See Complaint).

13. This action may be removed to this Court by Wal-Mart pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

14. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Lamar County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

15. If any questions arise as to the propriety of the removal of this action, the removing Defendants request the opportunity to present a brief and oral argument in support of its position that this cause is removable.

WHEREFORE, Defendant, Wal-Mart Stores East, L.P., desiring to remove this cause to the United States District Court for the Southern District of Mississippi, Southern Division, being the district and division of said Court for the County in which said action is pending, pray that this Court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Lamar County, Mississippi, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Lamar County, Mississippi.

Respectfully submitted June 5, 2012.

_____
W. PEMBLE DELASHMET (MS8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS102752)
ccm@delmar-law.com
ASHLEY P. GRIFFIN (MS104044)
Attorneys for Wal-Mart Stores East, LP
(incorrectly identified as Wal-Mart Stores, Inc.)

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:     (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day June 5, 2012, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Lester Clark, Jr.
Clark and Clark Attorneys, PLLC
P. O. Drawer 270
Hattiesburg, MS 39403-0270

_____
OF COUNSEL