**CT Corporation**

**Service of Process Transmittal**
05/07/2012
CT Log Number 520460011

**TO:** Sheron Young, Operations Manager Legal Department
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AR 72716

**RE:** **Process Served in Mississippi**

**FOR:** Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joy D. Odom, Pltf. vs. Wal-Mart Stores, Inc. and Billy Peak, Store Manager, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service, Complaint, Notice(s), First Set of Interrogatories, First Requests, Acknowledgment(s), Reply Envelope |
| **COURT/AGENCY:** | Lamar County Circuit Court, MS<br>Case # 2012065 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - Failure to Maintain Premises in a Safe Condition - On January 31, 2012 at Wal-Mart Store No. 916 in Hattiesburg, MS |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 05/07/2012 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of delivery - Written response // On or before 30 days after service - Interrogatories // Within 30 days from the date of service - Production |
| **ATTORNEY(S) / SENDER(S):** | Lester Clark, Jr.<br>Clark and Clark, PLLC<br>P.O. Drawer 270<br>Hattiesburg, MS 39403-0270<br>601-582-1977 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/07/2012, Expected Purge Date: 05/12/2012<br>Image SOP<br>Email Notification, Scott LaScala-CT East CLS-VerificationEast@wolterskluwer.com<br>Email Notification, Sheron Young ct.lawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / AT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

JOY D. ODOM                                                        PLAINTIFF

**VERSUS**                                            CIVIL ACTION NO. 2012-065

WAL-MART STORES, INC. and
BILLY PEAK, Store Manager                                    DEFENDANTS

### SUMMONS BY PROCESS SERVER

THE STATE OF MISSISSIPPI:
COUNTY OF HINDS:

TO: WAL-MART STORES, INC., a foreign corporation registered to do, and doing business in this state; which may be served by serving its registered agent for service of process; CT Corporation System; 645 Lakeland East Drive, Suite 101, Flowood, MS 39232, and/or if otherwise to be found within said County or State:

### NOTICE TO DEFENDANT

THE COMPLAINT AND COMBINED DISCOVERY (WITH NOTICE OF DISCOVERY) WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Lester Clark, Jr., the Attorney for the Plaintiff, whose post office address is P. O. Drawer 270, Hattiesburg, MS 39403, and whose street address is 912 West Pine Street, Hattiesburg, MS 39401

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint, or a Judgment by default will be entered against you for the money or other things demanded in the Complaint. Your sworn responses to the Combined Discovery is due within forty-five (45) days of this service.

You must also file the original of your response to the Complaint with the Clerk of this Court within a reasonable time afterward.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT, this the 3rd day of May, 2012.

                                                  LESLIE WILSON, Circuit Clerk

(SEAL)                                      By: _____

## PROOF OF SERVICE – SUMMONS
### (PROCESS SERVER)

Name of Person of Entity Served: _____

I, the undersigned Process Server, served the Summons; the Complaint; the Notice of Discovery, and the mentioned Discovery upon the person or entity named above in the manner set forth below. (Process Server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

___ FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE: By mailing (by first class, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of Notice and Acknowledgement and return envelope, postage prepaid, addressed to the sender. Attach completed Acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

___ PERSONAL SERVICE: I personally delivered copies to _____ on the ____ day of _____, 2000, where I found said person(s) in _____ County, Mississippi.

___ RESIDENCE SERVICE: After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, Mississippi. I served the Summons and Complaint with _____, _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Complaint, and thereafter on the ____ day of _____, I mailed, (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

___ CERTIFIED MAIL SERVICE: By mailing to the address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the returned envelope marked "Refused".)

At the time of service I was at least 18 years of age and not a party to this action.

Fee for Service: $_____

Process Server must list below: [Please print or type]
Name: _____
Social Security Number _____
Address: _____

Telephone No. _____

PERSONALLY appeared before me the undersigned authority in and for said State and County aforesaid, the within named _____, who after being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as herein stated

_____
(Process Server Signature)

Sworn to and subscribed before me, this the ____ day of May, 2012.

(S E A L)

_____
NOTARY PUBLIC

My Commission Expires: _____

IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

JOY D. ODOM                                                               PLAINTIFF

**FILED**

LAMAR COUNTY MAY 03 2012 CIRCUIT CLERK

Leslie Wilson

VERSUS                                      CIVIL ACTION NO. 2012-065

WAL-MART STORES, INC. and
BILLY PEAK, Store Manager                                    DEFENDANTS

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW the Plaintiff, Joy D. Odom, by and through counsel, and files this Complaint against Wal-Mart Stores, Inc. and Billy Peak, and in support thereof sets forth the following:

### COUNT ONE

### NEGLIGENCE

1. That Plaintiff, Joy D. Odom, is an adult resident citizen of Forrest County, Mississippi, residing at 148 Tower Road, Hattiesburg, MS 39401.

2. That to Plaintiff's best information and belief, Wal-Mart Stores, Inc. is a foreign corporation, registered to do and doing business in this State, and may be served with service of process through its Registered Agent for service of process, CT Corporation System; at its listed address; 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3. That to Plaintiff's best information and belief, Defendant Billy Peak is the manager of Store No. 916 in Hattiesburg, Mississippi, and may be served with service of process at said Wal-Mart Store in Hattiesburg, Mississippi.

4. During all the times herein mentioned, to Plaintiff's best information and belief, Defendant, Wal-Mart Stores, Inc. owned, and is therefore responsible for Store No. 916 in Hattiesburg, Mississippi, which was the place of the accident in which the Plaintiff was injured; and is further responsible, under the theory of "Respondeat Superior" for the wrongs of Defendant Billy Peak against the Plaintiff.

4. That on or about January 31, 2012 Plaintiff was shopping in Defendant's above described Store with her parents, and was therefore an "invitee" to said store.

5. That on the date and the store in question, Plaintiff, an "invitee" shopper at said Defendant's Store No. 916, slipped on something which admittedly she did not see nor can identify, and seriously injured herself.

6. However, Plaintiff believes that there was something on the floor which caused her to "slip and fall"; something that was not "open and obvious," and there were no "danger" or "danger – wet floor" signs displayed. Almost immediately thereafter, the store manager, Defendant Billy Peak, and an unidentified store employee, Plaintiff believes was the assistant store manager, came to Plaintiff's aid and assisted her to a chair.

7. Thereafter, Defendant Billy Peak, went to get a camera and when he returned, he wiped up the Plaintiff's scuff mark left at the scene of the accident, before he proceeded to take picture(s) of the subject spot on the floor.

8. That the Plaintiff, through her Attorney, (and also personally) has made request of Wal-Mart Stores, Inc. for medical treatment, but Defendant Wal-Mart Stores, Inc. has, in writing, totally denied said claim.

2

9. The Plaintiff, who was suffering a number of pre-existing conditions amplified by this injury, sought medical treatment on her own on the day of the accident at Forrest General Hospital ER, where she was treated and then referred to Hattiesburg Clinic.

10. That the subject accident, as described above, was the direct and proximate cause of the Plaintiff's injuries; additionally, the Plaintiff has also suffered emotional trauma and distress and has incurred and other expenses, including, but not limited to, medical expenses.

11. As a result of the aforesaid accident, Plaintiff Joy D. Odom will continue to suffer the aforesaid damages and, further, will continue to incur medical expenses in the future.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands trial by jury, and sues and demands that Defendants, Wal-Mart Stores, Inc. and Billy Peak, be served with process of this Court to appear and answer same; and that after due proceedings hereon that there be Judgment in favor of the Plaintiff and against the said Defendants in an amount sufficient to adequately compensate her for the following, but in an amount of no less than $100,000.00:

a. Past, present, and future physical pain and suffering;

b. Past, present, and future humiliation; emotional trauma, distress, anguish and mental suffering;

c. Past, present, and future lost wages, income, impairment, and disability;

d. Past, present, and future medically related bills, costs and expenses;

The Plaintiff further demands all interest as may be allowed by law upon all liquidated sums owed, or adjudged to be owed; together with reasonable attorney's fees and all costs of court, and he further requests any general and/or any equitable relief available.

## COUNT TWO

## PUNITITIVE DAMAGES

12.  Plaintiff, hereby re-alleges and adopts the allegations of Paragraphs one (1) through twelve (12) of the foregoing Paragraphs of this Complaint and the last unnumbered Paragraph of Count I, as if written out in words and numbers; and further allege:

13.  That the willful and wanton manner in which Defendant Billy Peak tried to cover up the true cause of this accident is enough to constitute Punitive Damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff also demands punitive damages and for said punitive damages demands that Defendants, Wal-Mart Stores, Inc. and Billy Peak, be served with process of this Court to appear and answer same; and that after due proceedings hereon that there be an additional Judgment in favor of the Plaintiff and against the said Defendants in an amount sufficient to adequately compensate her for said punitive damages in an additional amount of no less than $250,000.00.

Respectfully submitted,

JOY D. ODOM, Plaintiff

By: _____
LESTER CLARK, JR., Attorney for the
Plaintiff; Miss. Bar No. 6271

CLARK AND CLARK Attorneys, PLLC
Attorneys At Law
P. O. Drawer 270
Hattiesburg, MS  39403-0270
(601) 582-1977/(601) 582-9639 (fax)

4

IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

**F I L E D**

JOY D. ODOM                                                                                              PLAINTIFF

LAMAR COUNTY  MAY 03 2012  CIRCUIT CLERK

*Leslie Wilson*

VERSUS                                                        CIVIL ACTION NO. 2012-065

WAL-MART STORES, INC. and
BILLY PEAK, Store Manager                                                                       DEFENDANTS

## PLAINTIFF'S NOTICE OF SERVICE OF DISCOVERY

NOTICE is hereby given, pursuant to Uniform Local Rule 6(e)(2) that Lester Clark, Jr., Attorney for the Plaintiff, has this day served the following in the above entitled action, along with the original Summons and Complaint:

a)  Plaintiff's First Request For Production of Documents;

b)  Plaintiff's First Set of Interrogatories;

The undersigned retains the originals of the above listed Discovery as custodian thereof, pursuant to Local Rule 6(e)(2).

Respectfully submitted,

JOY D. ODOM, Plaintiff

By: _____
LESTER CLARK, JR., Attorney for
the Plaintiff; Miss. Bar No. 6271

1

CLARK AND CLARK Attorneys, PLLC
912 West Pine Street (39401)
P. O. Drawer 270
Hattiesburg, MS  39403-0270
(601) 582-1977
(601) 582-9639 (fax)

## CERTIFICATE OF SERVICE

I, the undersigned, LESTER CLARK, JR., hereby certify that I have this day served this Notice of Discovery; with said Discovery, to the Defendants, along with the Summons and original Complaint in this Cause.

THIS, the 3rd day of May, 2012.

*Lester Clark*

LESTER CLARK, JR.

2