IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JOY ODOM**                                                                                   **PLAINTIFF**

v.                                                      CIVIL ACTION NO. 2:12-CV-98-KS-MTP

**WAL-MART STORES EAST, LP**                                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion for Summary Judgment [24].

### I. BACKGROUND

This is a slip-and-fall case. Plaintiff and two companions were walking through Wal-Mart when Plaintiff slipped and fell. Neither Plaintiff nor her companions noticed any substance on the floor prior to Plaintiff's accident. After Plaintiff fell, they noticed a clear liquid on the floor. There was no pool or puddle. Rather, the floor merely appeared to be wet. The area was not dirty, and there were no signs that others had walked through the substance. The only marking or debris was a long, black scuff mark caused by Plaintiff's heel. When Defendant's employee arrived at the scene of the accident, he inspected the substance on the floor and wiped it up, along with the scuff mark created by Plaintiff's shoe.

Plaintiff filed a Complaint in the Circuit Court of Lamar County, Mississippi, asserting a negligence claim against Defendant. Plaintiff demands $100,000.00 in actual damages, plus fees, interest, and punitive damages. Defendant removed the case

and eventually filed its Motion for Summary Judgment [24], which the Court now considers.

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

"Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood v. RIH Acquisitions MS II LLC*, 556 F.3d 274, 275 (5th Cir. 2009); *see also Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004). It is undisputed that Plaintiff was Defendant's invitee. "Under Mississippi law, a property owner is not the insurer of an invitee's safety. Rather, he owes a duty to the invitee to keep the premises reasonably safe and, when not reasonably safe, to warn only of hidden dangers not in plain and open view." *Double Quick, Inc. v. Moore*, 73 So. 3d 1162, 1166 (Miss. 2011); *see also Leffler*, 891 So. 2d at 157. Mississippi's framework for analyzing slip-and-fall cases is well-established:

> In order for a plaintiff to recover in a slip-and-fall case, he must (1) show that some negligent act of the defendant caused his injury; or, (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or, (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995); *see also Karpinsky v. Am. Nat'l Ins. Co.*, No. 2010-CT-02084-SCT, 2013 Miss. LEXIS 67, at *8-*9 (Miss. Mar. 7, 2013).

There are multiple reasons why the Court must grant Defendant's motion for summary judgment. First, Plaintiff has not presented any evidence that Defendant created the hazard which caused her to slip and fall. Indeed, Defendant and her two companions testified that they do not know how the substance came to be on the floor. Second, Plaintiff has not presented any evidence that Defendant knew that the substance was on the floor. Defendant and her two companions admitted that they do

3

not know whether Defendant's employees were aware of the substance. Finally, Plaintiff has not presented any evidence that the substance had been on the floor for a sufficient length of time to impute constructive knowledge to Defendant. Plaintiff and her companions testified that they do not know how long the substance had been there. They also testified that the liquid was clear, and that the only marking on the floor near it was a scuff mark created by Plaintiff's heel.

In summary, Plaintiff has offered no evidence whatsoever in support of her case. The evidence shows that there was a slippery substance on the floor of Defendant's store and Plaintiff slipped on it. But the mere fact that Plaintiff was injured on Defendant's premises is not enough to create a genuine dispute as to Defendant's liability. *See Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (*res ipsa loquitur* is inapplicable in premises liability cases in Mississippi); *Daniels v. Morgan & Lindsey, Inc.*, 198 So. 2d 579, 584 (Miss. 1967) (*res ipsa loquitur* inapplicable in premises liability cases).

Plaintiff argues that Defendant's employee tried to hide the substance from her by wiping it up. This contention is irrelevant to Plaintiff's negligence claim. Plaintiff and her companions testified that Defendant's store manager wiped the substance from the floor *after* the accident occurred. Actions taken by Defendant's store manager after Plaintiff had already slipped could not have caused her injuries.

### III. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion for Summary Judgment [24]. The Court will enter a separate judgment in accordance with

Rule 58.

SO ORDERED AND ADJUDGED this 28th day of March, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE